**PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS**

**THIS PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS** (this "Agreement"), dated as of September 30, 2016 is between the **BUFFETS RESTAURANTS HOLDINGS, INC., ET AL.** (collectively, "Debtors"), **LITIGATION TRUST** ("Seller" or "Trust") and **OAK POINT PARTNERS, INC.** ("Purchaser").

**WITNESSETH:**

**WHEREAS**, on January 18, 2012, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Court"), jointly administered under Case No. 12-10237(MFW) ("Bankruptcy Case"); and

**WHEREAS**, by order dated June 27, 2012, the Court confirmed the Debtors' Second Amended Joint Plan of Reorganization ("Plan"), which established the Trust and designated JLL Consultants, Inc. as Litigation Trustee; and

**WHEREAS**, under the Plan, the Trust is vested with all Transferred Avoidance Actions, comprising all rights to payment, claims and causes of action other than those specifically identified as "Excluded Avoidance Actions" under the Plan and related documents; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Trust remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred ("Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **include** any and all claims, benefits, interests, causes of action, and rights to payment of the Debtors or the Trust against American Express or any of its affiliates (collectively, "AmEx Claims"); and

**WHEREAS**, Remnant Assets specifically **exclude** (a) cash held at the time of this Agreement by Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Redacted payable within 3 business days of receipt by Purchaser of this executed Agreement. Purchaser shall also pay to Seller 50% of the net proceeds of any AmEx Claim recoveries that specifically arise from or relate to alleged antitrust violations.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** The sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

CONFIDENTIAL & PROPRIETARY - NOT TO BE DISSEMINATED WITHOUT ADVANCE NOTICE TO OAK POINT PARTNERS, INC.

4.  **Payments Received on Remnant Assets.**  Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below.  Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5.  **Seller's Representations and Warranties.**  In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement free of any liens or other encumbrances.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6.  **No Assumption of Liabilities.**  The parties agree that Purchaser is acquiring only the Remnant Assets and that Purchaser is neither acquiring nor assuming any liabilities of the Seller under this Agreement, except as may otherwise expressly be provided herein.

7.  **Documents of Assignment.**  From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto.  However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

8.  **Limited Power of Attorney.**  Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

9.  **Entire Agreement.**  This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

10. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

11. **Governing Law.**  This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without giving effect to choice of law principles of the State of Delaware.

12. **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**[remainder intentionally left blank; signature page follows]**

CONFIDENTIAL & PROPRIETARY - NOT TO BE DISSEMINATED WITHOUT ADVANCE NOTICE TO OAK POINT PARTNERS, INC.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


**OAK POINT PARTNERS, INC.**

By: _____

Name:  ERIC LINN

Its:  President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269        fax (847) 655-2746


**BUFFET RESTAURANT HOLDINGS, INC., ET AL., LITIGATION TRUST**

By: JLL Consultants, Inc., solely in its capacity as Litigation Trustee

By: _____

Name:  WILLIAM KAYE

Its:  Managing Director

Address:  31 Rose Lane, East Rockaway NY  11518
tel (516) 374-3705

CONFIDENTIAL & PROPRIETARY - NOT TO BE DISSEMINATED
WITHOUT ADVANCE NOTICE TO OAK POINT PARTNERS, INC.