## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of March 22, 2022, is by and between **FRESH ACQUISITION LIQUIDATING TRUST** ("Trust" or "Seller") **of FRESH ACQUISITIONS, LLC, ET AL.** (collectively, "Debtors"),[1] **BANKRUPTCY ESTATES** and **OAK POINT PARTNERS, LLC** ("Purchaser").

## WITNESSETH:

**WHEREAS**, on or about April 20, 2021, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas ("Court"), jointly administered under Case No. 21-30721; and

**WHEREAS**, on December 20, 2021, the Court entered an order confirming the First Amended Joint Chapter 11 Plan of Liquidation ("Plan"), pursuant to which the Trust was created and David Gonzales was appointed as Trustee and vested with the power and duty to administer the assets of the Debtors, which were transferred to the Trust free and clear of all claims and interests of creditors, as provided in the Plan and pursuant to 11 U.S.C. § 1141(c); and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be certain property of the Debtors, consisting of known or unknown assets or claims which have not been previously sold, assigned, transferred, **limited to the following**: abandoned, escheated or dormant funds and interests, trade or customer payments held in dormant status or suspense accounts, restitution, claims and related proceeds from claims in other bankruptcies, insolvencies or receiverships, any funds held in court registries, claims or proceeds of claims in settlement of class action or antitrust matters, royalties and related interests, patronage rights and credits, dormant internet protocol addresses and registration rights, stock, bonds, dividends, partnership units or interests, and membership interests or other equity interests (collectively, "Residual Assets"); and

**WHEREAS** Residual Assets specifically **exclude** all assets held by the Trust that are not Residual Assets, including, but not limited to: (a) cash held at the time of this Agreement by the Seller in the bank account at Alliance Bank and AZBT ending in Account Nos. 4326 and 8972 respectively; (b) any and all Goods[2] (e.g., office furniture) of the Debtors; (b) all rights to payment held by the Trust relating goods sold and/or services rendered by the Debtors, unless and until they escheat; (c) all claims, and any related litigation or settlement proceeds, held by the Trust pursuant to 11 U.S.C. §§ 510, 542, 543, 544, 547, 548, 549, 550, and 553 during the pendency of the Debtors' bankruptcy case; (d) all rights and interests in and to the pending contested matter against: Gray Reed and Glass Ratner Advisory & Capital Group, LLC dba B. Riley Advisory Services [Dkt. Nos. 602, 604, 618, 639, 645, 646], including any related litigation and settlement proceeds; (e) all claims, and any related litigation or settlement proceeds, held by the Trust against Planned Administrators, Inc.; (f) all rights in and to, and liabilities or obligations arising out of or related to, the Seller's real property; and (g) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, as set forth in the orders entered by the Court and as permissible under the Bankruptcy Code and applicable state and federal law, Seller has the power and authority to sell and assign all right, title and interest in and to the Residual Assets to Purchaser, including, but not limited to

---

[1] The Debtors are as follows: Alamo Fresh Payroll, LLC; Fresh Acquisitions, LLC; Alamo Ovation, LLC; Buffets LLC; Hometown Buffet, Inc.; Tahoe Joe's Inc.; OCB Restaurant Company, LLC; OCB Purchasing, Co.; Ryan's Restaurant Group, LLC; Fire Mountain Restaurants, LLC; Food Management Partners, Inc.; FMP SA Management Group, LLC; FMP-Fresh Payroll, LLC; FMP-Ovation Payroll, LLC; and Alamo Buffets Payroll, LLC.

[2] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

1

CONFIDENTIAL and SUBJECT TO CONFIDENTIALITY and PRIVACY LAWS
DO NOT DISSEMINATE WITHOUT WRITTEN PERMISSION FROM OAK POINT PARTNERS

the proceeds thereof.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of  REDACTED payable within 3 business days of receipt by Purchaser of this executed Agreement.    REDACTED

2. **Assignment of Residual Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Residual Assets, as well as any and all claims and rights related to the Residual Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Residual Assets and all amounts, interest, and costs due under the Residual Assets.

3. **Authority to Sell.** The sale of the Residual Assets by the Seller is made pursuant to the authority vested in the Seller as set forth in the Plan, the Confirmation Order, the Liquidating Trust Agreement and other Orders entered by the Bankruptcy Court, and as permissible under the Bankruptcy Code and applicable state and federal law.

4. **Payments Received on Residual Assets.** Seller further agrees that any payments received by Seller on account of any Residual Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below.  Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Residual Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Residual Assets as is set forth in this Agreement.

EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE RESIDUAL ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.

6. **Free and Clear Sale.** The sale of Residual Assets shall be free and clear of any liens, claims, or encumbrances to the extent provided for in the Plan and permissible under the Bankruptcy Code.

7. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Residual Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Residual Assets,

2

CONFIDENTIAL and SUBJECT TO CONFIDENTIALITY and PRIVACY LAWS
DO NOT DISSEMINATE WITHOUT WRITTEN PERMISSION FROM OAK POINT PARTNERS

except as may otherwise expressly be provided herein.

8.    **Documents of Assignment.**  From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto.  However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9.    **Limited Power of Attorney.**  Solely with respect to the Residual Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Residual Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Residual Assets to Purchaser and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.**  This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.**  All provisions contained in this Agreement, or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.**  This Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas, without giving effect to choice of law principles of the State of Texas.

13. **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, LLC**

By: _____

Name:  ERIC LINN

Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077
Tel (847) 577-1269      Fax (847) 655-2746

**FRESH ACQUISITION LIQUIDATING TRUST OF FRESH ACQUISITIONS, LLC, ET AL., BANKRUPTCY ESTATES**

By: _____

Name: DAVID GONZALES

Its: Trustee

3

CONFIDENTIAL and SUBJECT TO CONFIDENTIALITY and PRIVACY LAWS
DO NOT DISSEMINATE WITHOUT WRITTEN PERMISSION FROM OAK POINT PARTNERS

Address: c/o Caliber Advisors, LLC, 7373 E. Doubletree Ranch Road, Suite 210, Scottsdale, AZ 85258 Tel (602) 571-9588.

4

CONFIDENTIAL and SUBJECT TO CONFIDENTIALITY and PRIVACY LAWS
DO NOT DISSEMINATE WITHOUT WRITTEN PERMISSION FROM OAK POINT PARTNERS