Carolyn J. Johnsen
Texas Bar No. 19844600
William L. Novotny (admitted pro hac vice)
Arizona Bar. No. 4239
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona  85004
Telephone:  (602) 285-5000
Facsimile:    (844) 670-6009
cjjohnsen@dickinsonwright.com
wnovotny@dickinsonwright.com

*Counsel for the Official Committee*
*of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

In re:

| | | |
|---|---|---|
| FRESH ACQUISITIONS, LLC, *et al.*,[1] | § | Case No. 21-30721 (SGJ) |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |

_____

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST
AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION**

---

[1] The Debtors in these Chapter 11 cases ("<u>Debtors</u>") and the last four digits of each Debtor's Taxpayer Identification Number are as follows: Alamo Fresh Payroll, LLC (1590); Fresh Acquisitions, LLC (2795); Alamo Ovation, LLC (9002); Buffets LLC (2294); Hometown Buffet, Inc. (3002); Tahoe Joe's Inc. (7129); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); Food Management Partners, Inc. (7374); FMP SA Management Group, LLC (3031); FMP-Fresh Payroll, LLC (8962); FMP-Ovation Payroll, LLC (1728); and Alamo Buffets Payroll, LLC (0998). The Debtors' principal offices are located at: 2338 N. Loop 1604 W., Suite 350, San Antonio TX, 78248, United States.

# ARTICLE I
## INTRODUCTION

The Official Committee of Unsecured Creditors (the "**Committee**") submits this *First Amended Joint Chapter 11 Plan of Liquidation* (the "**Plan**") that will govern the distribution of the assets of the 15 Debtor entities identified above (the "**Debtors**"). The Committee is the "**Plan Proponent**" of the Plan within the meaning Section 1129 of the Bankruptcy Code. Reference is made to the *First Amended Disclosure Statement in Support of the Official Committee of Unsecured Creditor's Joint Chapter 11 Plan of Liquidation* (the "**Disclosure Statement**") filed contemporaneously with the Plan, for among other things, a discussion of Debtors' history, the recent sale of their operating assets, and a summary and analysis of the Committee's Plan. All Holders of Claims or Interests entitled to vote to accept or reject the Plan are encouraged to review in detail the Disclosure Statement and the Plan before voting to accept or reject the Plan. To the extent that the Plan is inconsistent with the Disclosure Statement, the Plan will govern.

## OVERVIEW

The Plan proposes a liquidation through the creation of a Liquidating Trust to which all of Estates' assets will be transferred on the Effective Date of the Plan. A Liquidating Trustee will be appointed to evaluate and liquidate the assets for the benefit of Creditors, to prosecute and litigate Causes of Action and Claim objections, and ultimately to distribute all proceeds to Creditors and Interest Holders in accordance with the priorities established by the Bankruptcy Code.

# ARTICLE II
## DEFINITIONS, RULES OF INTERPRETATION,
## AND COMPUTATION OF TIME

### A. Scope of Definitions; Rules of Construction

For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings hereinafter stated, or if not stated, then as commonly used. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules (hereinafter defined), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, such terms shall include the plural as well as the singular number. The masculine gender shall include the feminine, and the feminine gender shall include the masculine. Moreover, for purposes of the Plan, the singular and plural uses of such defined terms and the conjunctive and disjunctive uses thereof will be fungible and interchangeable, unless the context otherwise requires.

The defined terms stated in this Article II also are substantive terms of the Plan; and Article II will be deemed incorporated throughout the rest of the Plan to convey the substantive provisions included in the defined terms.

### B. Definitions

1. <u>Administrative Claims</u> means claims and expenses which are allowed pursuant to Bankruptcy Code § 503(b) and which are entitled to priority pursuant to Bankruptcy Code § 507(a)(1).

2. <u>Affiliate</u> shall have the same meaning as defined by the Bankruptcy Code § 101(2).

3. <u>Allowed Claim</u> means a Claim: (i) with respect to which a Proof of Claim has been filed with the Bankruptcy Court within the applicable period of limitation fixed by the Fed. R. Bankr. P. 3003 or otherwise established by the Bankruptcy Court; or (ii) Scheduled in the list of Creditors prepared and filed with the Bankruptcy Court pursuant to Fed. R. Bankr. P. 1007(b) and not listed as disputed, contingent, or unliquidated as to amount, and in either case, as to which no objection to the allowance thereof has been filed within any applicable period of limitation fixed by Fed. R. Bankr. P. 3007, the Plan, an order of the Bankruptcy Court, or as to which

**First Amended Plan of Liquidation**                                        pg. 3

any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending. An Allowed Claim shall not include non-matured or post-petition interest, unless otherwise provided in the Plan.

4. <u>Allowed Interest</u> means an Interest as to which no objection to the allowance thereof has been filed within any applicable period of limitation fixed under the Bankruptcy Code or Bankruptcy Rules or by the Court.

5. <u>Allowed Unsecured Claim</u> means a Claim that is both an Allowed Claim and an Unsecured Claim.

6. <u>Allowed Secured Claim</u> means a Claim that is both an Allowed Claim and a Secured Claim.

7. <u>Asset(s)</u> means any asset, property or interest therein of the Estates as provided for under Section 541 of the Bankruptcy Code and that which has been acquired after the Petition Date including, without limitation, all assets disclosed and undisclosed, known or unknown, or that may be discovered; Cash on hand and all deposits; any subsidiaries or affiliated entities; any insurance policies; and all existing or potential claims and Causes of Action, whether previously identified, noticed, brought/filed or otherwise, including without limitation all rights and entitlements to the return of previously transferred or sold assets without authority.

8. <u>Avoidance Action</u> means a lawsuit commenced pursuant to Bankruptcy Code §§ 510, 542, 543, 544, 547, 548, 549, 550 and 553 to recover for the benefit of the Estates, a transfer of property to a third party.

9. <u>Ballot</u> means the ballot for accepting or rejecting the Plan that will be distributed to holders of Claims in Classes that are Impaired under this Plan and are entitled to vote on this Plan.

10. <u>Bankruptcy Code</u> means the Bankruptcy Reform Act of 1978, sometimes referred to as the Bankruptcy Code of 1978, as contained in Title 11 U.S.C.A. § 101, et seq., and all amendments thereto.

**First Amended Plan of Liquidation**

11.     Bankruptcy Court or Court means the United States Bankruptcy Court for the Northern District of Texas, Dallas division, or any other court that exercises jurisdiction over all or part of the Chapter 11 Cases, including the United States District Court for the Northern District of Texas to the extent that the reference of all or part of the Chapter 11 Cases is withdrawn.

12.     Bankruptcy Rules means the Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075 and the Local Rules of the Bankruptcy Court, as applicable during the term of the Chapter 11 Case.

13.     Business Day means every day except Saturdays, Sundays, and holidays observed by the Bankruptcy Court.

14.     Cash means any legal tender of the United States.

15.     Case or Case means the above-captioned Chapter 11 cases of Fresh Acquisitions, LLC, et.al., lead Case No. 21-30721 (SGJ).

16.     Causes of Action means any and all actions, proceedings, causes of action, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims (as defined in Bankruptcy Code § 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, non-matured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise. The term Causes of Action includes all cross-claims, counter claims and set-off or recoupments. The term Causes of Action includes Avoidance Actions and Litigation Claims. Further description is set forth in Article IXB of this Plan and Section XIII of the Disclosure Statement.

17.     Chapter 11 means chapter 11 of the Bankruptcy Code.

18.     Chief Restructuring Officer or CRO means GlassRatner Capital & Advisory Group, LLC, d/b/a B. Riley Advisory Services and Mark Shapiro, as detailed in that certain *Order (I) Authorizing the Employment and Retention of B. Riley Advisory Services, to Provide the Debtors a Chief Restructuring Officer and Certain*

**First Amended Plan of Liquidation**                                                                pg. 5

*Additional Personnel and (II) Designating Mark Shapiro as Chief Restructuring Officer, Effective as of April 20, 2021* [Doc. No. 262].

19.     <u>Claim</u> means a right to (i) payment from the Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, non-matured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, non-matured, disputed, undisputed, secured or unsecured.

20.     <u>Claimant</u> means a holder of a Claim.

21.     <u>Class</u> means one or more Creditors or Interest Holders grouped together as defined herein.  The Plan is intended to deal with all Claims against and Interests in the Debtors of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Bankruptcy Court pursuant to Bankruptcy Code § 502(a).  Only those Allowed Claims and Allowed Interests, however, will receive payment under the Plan.

22.     <u>Collateral</u> means Property that is pledged as security for the satisfaction of a debt.

23.     <u>Committee</u> means the Official Committee of Unsecured Creditors appointed in the Bankruptcy Case.  Members include Tim Chung of Westwood Financial for WFC Wyoming NM, LLC; Larry G. Lee of LEECO Energy and Investments, Inc.; Sara Lamb of Upper Lakes Food, Inc.; and Tyerell Mack, an individual.

24.     <u>Confirmation</u> means the formal approval of the Bankruptcy Court of the Plan pursuant to Bankruptcy Code § 1129.

25.     <u>Confirmation Date</u> means the date upon which the Confirmation Order is entered by the Bankruptcy Court.

26.     Confirmation Hearing means the hearing regarding confirmation of the Plan conducted by the Bankruptcy Court pursuant to Bankruptcy Code § 1128, including any adjournment or continuation of that hearing from time to time.

27.     Confirmation Order means the Order entered by the Bankruptcy Court determining that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to Confirmation.

28.     Creditor means a Person or entity holding a Claim against the Debtors for the debts, liabilities, demands, or Claims of any character whatsoever, as defined in Bankruptcy Code § 101(4).

29.     Cure means the distribution of Cash, or such other Property as may be agreed upon by the parties or ordered by the Bankruptcy Court, with respect to the assumption of an executory contract or unexpired lease, pursuant to Bankruptcy Code § 365(b), in an amount equal to all unpaid monetary obligations, without interest, or such other amount as may be agreed upon by the parties, under such executory contract or unexpired lease, to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law.

30.     Debtors means the 15 debtors identified in the caption of this Case.

31.     Disallowed means, when used with respect to a Claim or Interest, or any portion thereof, a Claim or Interest that: (a) is not listed on the Schedules, or is listed therein as contingent, unliquidated, disputed, or in an amount equal to zero, and whose Holder has failed to timely file a proof of Claim or proof of Interest; (b) the Bankruptcy Court has disallowed pursuant to an order entered on the Bankruptcy Court docket; or (c) is disallowed under any provision of Bankruptcy Code, including, without limitation, Bankruptcy Code § 502, and/or the Federal Rules of Bankruptcy Procedure.

32.     Disclosure Statement means the *Disclosure Statement in Support of the Official Committee of Unsecured Creditors' Joint Chapter 11 Plan of Liquidation*, as it may be amended or supplemented.

33. <u>Disputed Claim</u> means a Claim against the Debtors that is not Allowed, including: (a) if no proof of Claim has been filed by the applicable bar date or has otherwise been deemed timely filed under applicable law: (i) a Claim that is listed on the Schedules as disputed, contingent or unliquidated; or (ii) a Claim that is listed on the Schedules as other than disputed, contingent or unliquidated, but as to which the the Liquidating Trustee, or any other party in interest with standing to object to Claims under the Plan or applicable law, has filed an objection by the applicable Claims objection deadline under the Plan, unless such objection has been withdrawn or denied by a Final Order; or (b) if a proof of Claim or request for payment of an Administrative Claim has been filed by the applicable bar date or has otherwise been deemed timely filed under applicable law: (i) a Claim for which a corresponding Claim is listed on the Schedules as disputed, contingent or unliquidated; or (ii) a Claim for which an objection has been filed by the Liquidating Trustee to which the Claim relates, or any other party in interest with standing to object to Claims under the Plan or applicable law, by the applicable Claims objection bar date, unless such objection has been withdrawn or denied by a Final Order.

34. <u>Disputed Claims Reserve</u> means the reserve of Cash established and maintained by the Liquidating Trustee to pay Disputed Claims upon allowance by the Bankruptcy Court.

35. <u>Distribution</u> means any payment of Cash or property required under the Plan.

36. <u>Effective Date</u> means the date that is fourteen (14) days following the entry of the Confirmation Date.

37. <u>Equity Interest</u> means all membership units or issued, unissued, authorized or outstanding shares of common stock or preferred stock of any corporate Debtor, together with any warrants, options or contractual rights to purchase or acquire any such securities at any time, and all rights arising with respect thereto.

38.  <u>Estates</u> means the bankruptcy estates of the Debtors created under Section 541 of the Bankruptcy Code.

39.  <u>Executory Contract</u> means every unexpired lease and executory contract which is subject to being assumed or rejected under Bankruptcy Code § 365.

40.  <u>Exculpated Party</u> means individually or, collectively as the Exculpated Parties, and in each case in its capacity as such: (i) the Committee and its respective members, attorneys and financial advisor; (ii) the Debtors' attorneys; (iii) the Chief Restructuring Officer; and (iv) the Independent Director.

41.  <u>Exhibit</u> means any document attached to either the Plan or Disclosure Statement.

42.  <u>Final Order</u> means an order of the Bankruptcy Court that not having been reversed, modified, or amended and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, and no such appeal, review, certiorari or rehearing is pending, has become conclusive of all matters adjudicated thereby and in full force and effect.

43.  <u>Government Entity</u> means any government or any agency, bureau, board, directorate, commission, court, department, official, political subdivision, tribunal or other instrumentality of any government, whether federal, state or local.

44.  <u>Guarantors</u> means Alan Jones, Larry Harris, Jason Kemp, and Brian Padilla.

45.  <u>Holder</u> means the beneficial holder of any Claim or Interest.

46.  <u>Impaired/Impaired Class</u> means, under Bankruptcy Code § 1124, a Class of Claims is impaired under a Plan, unless with respect to each Claim of such Class: (i) it is paid in full on the Effective Date of the Plan; (ii) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim entitles the holder to such Claim; or (iii) all defaults are cured, the original maturity of the Claim is reinstated, and the Claim is otherwise treated as provided in clause (ii) above.

47.     Independent Director means Vineet Batra and Soravine Advisors, LLC, in their capacity as the independent member of each of the Debtors' respective board of directors or similar governing bodies.

48.     Insider has the meaning ascribed to such term in Section 101(31) of the Bankruptcy Code.

49.     Interest Holders means the holders of Interests in the Debtors.

50.     Interest means any Equity Interest.

51.     Lien means a lien as described in Bankruptcy Code § 101(37), except for a lien that has been avoided in accordance with Bankruptcy Code §§ 544, 545, 546, 547, 548, or 549.

52.     Litigation Claims means all of the Debtors' and the Estates' rights, claims, torts, liens, liabilities, obligations, actions, Causes of Action, Avoidance Actions, avoiding powers, proceedings, debts, contracts, judgments, offsets, damages, and demands whatsoever in law or in equity whether known or unknown, contingent, or otherwise that the Debtor may have against any Person.  This includes, but is not limited to, the claims discussed in the Disclosure Statement in Section XIII.

53.     Liquidating Trust means the trust established on the Effective Date pursuant to Article IV of the Plan.

54.     Liquidating Trust Agreement means the agreement attached as Exhibit C to the Disclosure Statement pursuant to which the Liquidating Trust shall be operated.

55.     Liquidating Trust Assets means all of the Debtors' Assets transferred to the Liquidating Trust.

56.     Liquidating Trust Fund means the Debtor's Cash transferred to the Liquidating Trust on the Effective Date and all proceeds derived from the liquidation of the Liquidating Trust Assets.

57.     Liquidating Trustee means David Gonzales or such other Person appointed to administer and act as trustee of the Liquidating Trust.

58. <u>Litigation Recovery</u> means proceeds derived from the Causes of Action.

59. <u>Other Priority Claim</u> means any Claim against the Debtors that is entitled to priority under Section 507(a) of the Bankruptcy Code, other than Administrative Expense Claims or Priority Tax Claims.

60. <u>Person</u> means an individual, corporation, partnership, joint venture, association, joint stock company, limited liability company, limited liability partnership, trust, estate, unincorporated organization, governmental unit (as defined in Bankruptcy Code § 101(27)), or other entity (including, without limitation, the Committee).

61. <u>Petition Date</u> means April 20, 2021, the date on which the Debtors filed their voluntary Chapter 11 bankruptcy petitions.

62. <u>Plan</u> means the *Official Committee of Unsecured Creditors' Joint Chapter 11 Plan of Liquidation* filed by the Committee and every modification thereof.

63. <u>Plan Confirmation</u> means the entry by the Bankruptcy Court of an order confirming the Plan.

64. <u>Plan Supplement</u> means one or more documents filed as an additional Exhibit to the Plan or Disclosure Statement.

65. <u>Priority Tax Claim</u> means any Claim against the Debtors of a governmental unit of the kind specified in Bankruptcy Code § § 502(i) or 507(a)(8).

66. <u>Pro Rata</u> means proportionally, so that the ratio of the consideration distributed on account of an Allowed Claim or Allowed Interest in the Class (or sub-class) and consideration distributed on account of all Allowed Claims or Allowed Interests in the Class (or sub-class) is the same as the ratio of the Allowed Claims or Allowed Interests in the Class (or sub-class).

67. <u>Professional</u> means a Person: (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327 and 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Confirmation Date, pursuant to sections 327, 328, 329, 330 and 331 of the Bankruptcy Code or (b) awarded

compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

68.  Professional Fee Claims means Claims of any professional employed in the Chapter 11 Case pursuant to Bankruptcy Code §§ 327 or 1103, or any professional or other entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to Bankruptcy Code §§ 503(b)(3)(F) and (b)(4).

69.  Proof of Claim shall have the same meaning as defined by Fed. R. Bankr. P. 3001(a).

70.  Property means all rights, title, privileges, and interests of the Estates in any and all real and personal property (individually or as a whole) as previously or hereafter determined by Final Order of a court of competent jurisdiction and/or as defined in § 541 of the Bankruptcy Code.

71.  Proponent means the Committee who is proposing the Plan.

72.  Scheduled means any Claim or Interest, the status, priority and amount, if any, of such Claim or Interest as set forth in the Schedules.

73.  Schedules means the schedules of assets and liabilities and the statement of affairs filed in the Chapter 11 Case by each of the Debtors, as such schedules or statements have been or may be amended or supplemented from time to time in accordance with Fed. R. Bankr. P. 1009 or orders of the Bankruptcy Court.

74.  Secured Claim means the portion of any Claim against any of the Debtors, (a) determined in accordance with the Bankruptcy Code § 506(a), as of the Confirmation Date, secured by a valid, perfected and unavoidable Lien, to the extent of the value of the holder's interest in a Debtor's interest in the subject Collateral; or (b) subject to offset under the Bankruptcy Code § 553, to the extent of the amount subject to offset.

75.  Unsecured Claim(s) means any Claims not secured by Collateral of the Estates.

76.    <u>Unsecured Creditor(s)</u> means any Creditor(s) of the Debtors holding Unsecured Claims of any character whatsoever, except Claims entitled to priority pursuant to Bankruptcy Code § 507.

77.    <u>UST</u> means the Office of the United States Trustee.

<u>Rules of Interpretation</u>.  For purposes of this Plan: (i) any reference in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented; (ii) the headings and captions used in this Plan are for convenience and reference only and are not intended to be a part of or affect the interpretation of the Plan and shall not limit or otherwise affect the provisions hereof; (iii) the word "including" shall mean "including without limitation"; and (iv) the rules of construction set forth in Bankruptcy Code § 102 and in the Bankruptcy Rules shall apply.

<u>Computation of Time</u>.   In computing any period of time prescribed by or allowed by the Plan, the provisions of Fed. R. Bankr. P. 9006(a) shall apply.

## ARTICLE III

## <u>CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS</u>

Creditors and Interest Holders are grouped in Classes depending on the type of Claim or Interest they have.  The following section describes how they will be treated in the Plan.  Payments and distributions will be made by the Liquidating Trustee.

### A.    **No Classification of Administrative Claims**

As provided in Section 1123(a)(1) of the Bankruptcy Code, Certain Claims shall not be classified for purposes of voting on or receiving distributions under the Plan. All such Claims shall be treated separately as unclassified Claims on the terms set forth herein.

1.    <u>Administrative Expenses</u>

Unless previously approved and paid, Allowed Administrative Claims will be paid, in full satisfaction of the Claim: (a) one cash payment in the Allowed amount of the Claim on the Effective Date or as soon thereafter as possible or after the Claim is Allowed if subject to Court approval; (b) in the ordinary course of business as the Claim matures; or (c) upon other less favorable terms as may be agreed upon by the Holder of the Claim, or as ordered by the Bankruptcy Court.

2.     Priority Tax Claims

Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a less favorable treatment or alternative treatment is ordered by the Bankruptcy Court, in full and final satisfaction, each such Holder shall be treated in accordance with the terms set forth in Bankruptcy Code section 1129(a)(9)(C). Specifically, each Holder of an Allowed Priority Tax Claim will be paid in equal annual installments for four years with a balloon payment on or before the fifth anniversary of the Petition Date. Interest will accrue on each Allowed Priority Tax Claim at the statutory rate applicable in the Holder's jurisdiction. If there is no applicable statutory rate, then the rate will be established at six percent (6%) per annum.

The annual payment to each Holder of an Allowed Priority Tax Claim will consist of its Pro-Rata share of $500,000 to be paid each year on December 1, 2022, December 1, 2023, December 1, 2024, and December 1, 2025. All remaining principal and accrued interest for each Tax Claimant will be paid on or before April 20, 2026. In his sole discretion, the Liquidating Trustee may pay Holders of Allowed Priority Tax Claims in a shorter period of time as funds become available.

**B.     Classification and Treatment of Claims and Interests That Are Classified**

For purposes of voting, distributions, and all confirmation matters, except as otherwise provided herein all Allowed Claims and Interests shall be classified and treated as follows.

1.     Class 1 – Priority Wage Claims

Class 1 consists of the Allowed Claims for wages, salaries, or commissions earned within 180 days prior to the Petition Date or the date that the respective Debtors' business closed, whichever occurred first, and capped at $13,650 per Claimant pursuant to Section 507(a)(4) of the Bankruptcy Code. To the extent that a Claim in this Class exceeds the capped amount, the excess amount of the Claim will be treated in Class 2. Each Holder of an Allowed Claim in this Class will be paid the foregoing capped amount in full on the Effective Date.  Class 1 is not impaired and is not entitled to vote on the Plan although a Holder of an Allowed Claim in excess of the foregoing capped amount may vote that portion of its Allowed Claim in Class 2.

2.      Class 2 – General Unsecured Creditors

Class 2 consists of the Allowed Claims of general unsecured creditors, except those classified in Class 3. On the Effective Date, in full and final satisfaction of any Claims against the Debtors, the Holder of an Allowed Claim in this Class shall receive a Pro-Rata beneficial interest in the Liquidating Trust and shall be paid its Pro-Rata share of the Liquidating Trust Fund in accordance with the Liquidating Trust Agreement and the Plan after full payment of Allowed Administrative Claims, Allowed Priority Tax Claims and the Holders of Claims in Class 1.  Class 2 is Impaired and is entitled to vote on the Plan.

3.      Class 3 – Unsecured Insider and Affiliate Claims.

Class 3 consists of the Allowed Unsecured Claims of Insiders and Affiliates of the Debtors. The Claims in this Class shall be deemed disallowed pending the resolution of any Cause of Action or Claim Objection filed against a Holder of a Claim in this Class. If such Claim is Allowed, in full and final satisfaction of such Claim, the Holder shall receive a beneficial interest in the Liquidating Trust and shall be paid its Pro-Rata share of the Liquidating Trust Fund in accordance with the Liquidating Trust Agreement and the Final Order allowing such Claim (that may provide for the subordination of such Claim), after full payment of Allowed Administrative Claims and Priority Claims. Class 3 is Impaired and is entitled to vote on the Plan.

**First Amended Plan of Liquidation**                                                                                    pg. 15

4.     <u>Class 4 – Equity Interests in the Debtors</u>

Class 4 consists of the Equity Interests in each of the Debtors. Such Interests shall be cancelled on the Effective Date. Class 4 is Impaired, is not entitled to vote on the Plan, and is deemed to have rejected the Plan.

**ARTICLE IV**

**<u>MEANS FOR IMPLEMENTATION OF THE PLAN</u>**

**A.     <u>Creation of Liquidating Trust and Plan Funding</u>**

On the Effective Date, a Liquidating Trust will be created pursuant to the Liquidating Trust Agreement (attached in substantially final form as Exhibit C to the Disclosure Statement or filed separately in the Plan Supplement, the terms of which are incorporated by reference) to liquidate all Liquidating Trust Assets, to pursue all Causes of Action, and to make all Distributions to Holders of Allowed Claims and Interests as required by the Plan.

On the Effective Date, the Liquidating Trust Assets will be transferred to the Liquidating Trust. The Plan will be funded by the Cash on hand on the Effective Date and by the proceeds of the Litigation Recovery.

**B.     <u>Appointment of Liquidating Trustee</u>**

The initial Liquidating Trustee will be David Gonzales, who is the principal of Caliber Advisors that has served as financial advisor to the Committee during the Case. Mr. Gonzales will be deemed appointed on the Effective Date, without further motion, application, notice, hearing or other order of the Court. Any and all authority, power, and standing shall be transferred to and assumed by the Liquidating Trustee. Mr. Gonzales will be compensated as set forth in the Liquidating Trust Agreement.

**C.     <u>Duties and Powers of Liquidating Trustee</u>**

As more fully described in the Liquidating Trust Agreement, the Liquidating Trustee shall be appointed by the Court on the Effective Date and shall have the rights and powers of a debtor in possession under Bankruptcy Code section 1107, and such

other rights, powers, and duties necessary, appropriate, prudent or advisable to effectuate the provisions of the Plan and the Liquidating Trust, including but not limited to, objecting to and resolving Claims; investigating, pursuing and resolving Causes of Action; and making Distributions to Creditors and Interest Holders.  The Liquidating Trustee shall not be required to obtain any approvals from the Court, any court or governmental body and/or provide any notices under any applicable laws to implement the terms of the Plan in accordance with the Plan and the Liquidating Trust Agreement except as expressly set forth in the Plan and the Liquidating Trust Agreement.

### D.    Compensation of the Plan Trustee and Professionals

The Liquidating Trustee may employ, without order of the Court such counsel (which may be the same counsel employed by the Committee), financial advisors (which may be Caliber which is presently employed by the  Committee) and other professionals, agents and advisors selected by the Liquidating Trustee that are reasonably required to perform the Liquidating Trustee's responsibilities under the Plan. The Liquidating Trust's professionals shall be compensated at their respective standard hourly rates or on a contingency fee basis as agreed to by the Liquidating Trustee, without further motion, application notice, or other order of the Court. The fees and expenses of the Liquidating Trust's professionals shall be satisfied from the Liquidating Trust Assets.

### E.    Expenses of the Liquidating Trust

The expenses of the Liquidating Trust will consist of attorneys' fees, accounting fees and costs, other fees and costs of other professionals, consultants, agent, and advisors employed by the Liquidating Trustee and all fees and expenses related to the distribution of funds to creditors and the pursuit of claims objections and litigation.

### F.    Debtors' Corporate Existence and Governance

On the Effective Date, all instruments evidencing or creating any indebtedness or obligation of the Debtors, except such instruments that are authorized or issued

**First Amended Plan of Liquidation**                                                                pg. 17

under this Plan, shall be canceled and extinguished. Additionally, as of the Effective Date, all Equity Interests shall be deemed cancelled and extinguished without any further action of any party. The holders of, or parties to, the cancelled notes, membership interests, share certificates, and other agreements and instruments shall have no rights arising from or relating to such notes, share certificates, and other agreements and instruments or the cancellation thereof, except the rights provided pursuant to this Plan.

### G. Transfer of All Books, Files and Records

Immediately after the Effective Date, the Debtors and their past and present management companies shall transfer all of their books, files, and records to the Liquidating Trustee and shall cause all of their Insiders, Affiliates, and their agents and representatives to transfer all of their books, files and records related to the Debtors to the Liquidating Trustee including in all instances any and all attorney-client privileged and work product documents, correspondence, and communications whether electronic or hard copy form.

### H. Transfer of Rights, Privileges and Authority

On the Effective Date, the Liquidating Trustee on behalf of the Liquidating Trust shall succeed to and have all power, authority, rights, privileges and immunities previously held or asserted by the Debtors and their officers, managers, directors, members and shareholders.

### I. Effectuating Documents and Further Transactions

On the Effective Date, the Liquidating Trustee is authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. The Debtors are authorized and shall be required to promptly execute and deliver the documents necessary to effectuate the terms of the Plan. Upon transfer of the Liquidating Trust Assets, the Liquidating Trust shall succeed to all of the Debtors' right, title and interest

in the Liquidating Trust Assets and the Debtors will have no further rights or interest in or with respect to the Liquidating Trust Assets or the Liquidating Trust.

## J.    Exemption from Transfer Taxes

Pursuant to Section 1146(a) of the Bankruptcy Code, the creation or transfer of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan, and executed in connection with the liquidation of assets shall not be subject to any stamp tax, real estate tax or similar tax.

## K.    Exemption from Securities Laws

The creation of the Liquidating Trust and the issuance of beneficial interests in accordance thereto, and all other instruments, certificates, and other documents required to be issued or distributed pursuant to the Plan, (a) shall be authorized under Bankruptcy Code § 1145 as of the Effective Date without further motion, application, notice, hearing, or other order of the Court, and (b) shall be exempt pursuant to Bankruptcy Code § 1145 from registration under the Securities Act of 1933, as amended (and all rules and regulations promulgated thereunder), and under any state or local law (and all rules and regulations promulgated thereunder) requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or dealer in, a security.

## ARTICLE V

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

In this case, all executory contracts and leases not previously assumed or rejected shall be deemed rejected on the Confirmation Date.  Each counter party to a rejected lease or contract not previously rejected during the Case shall file on or before thirty (30) days after the Confirmation Date a proof of claim for any rejection damages.  Otherwise, all proofs of claim for rejection damages are governed by the proof of claim deadline previously established in this Case.

**First Amended Plan of Liquidation**                                                      pg. 19

## ARTICLE VI

## SUBSTANTIVE CONSOLIDATION

In connection with Distributions to be made to the Holders of Allowed Claims, the Plan is predicated on the substantive consolidation of the Estates of the Debtors into a single Estate for purposes of the Plan and the Distributions thereunder. On the Effective Date, (a) all assets and liabilities of the substantively consolidated Debtors will be deemed to be merged for purposes of the Plan and Distributions to be made thereunder, (b) the obligations of each of the Debtors will be deemed to be the obligation of the substantively consolidated Debtors for purposes of the Plan and Distributions thereunder, (c) any Claims filed or to be filed in connection with any such obligations will be deemed Claims against the substantively consolidated Debtors, (d) each Claim filed in the Chapter 11 Case of any of the Debtors will be deemed filed against the Debtors in the consolidated Chapter 11 Cases in accordance with the substantive consolidation of the assets and liabilities of the Debtors, (e) all Claims between and among the respective Debtors will be extinguished, (f) all transfers, disbursements and distributions made by any of the Debtors will be deemed to be made by the substantively consolidated Debtors, and (g) all guarantees of the Debtors of the obligations of any other Debtors shall be deemed eliminated so that any Claim against any of the Debtors and any guarantee thereof executed by any other Debtor and any joint or several liability of any of the Debtors shall be deemed to be one obligation of the substantively consolidated Debtors. Holders of Allowed Claims in each Class shall be entitled to their share of assets available for distribution to such Class without regard to which of the Debtors was originally liable for such Claim.

## ARTICLE VII

## CLAIMS, DISTRIBUTIONS AND CLAIMS OBJECTIONS

### A.      Deadline for Applications for Administrative Expenses

Applications for Administrative Claims, including Professional Fee Claims shall be filed no later than 30 days after the Confirmation Date. If such application is not timely filed, such Claim will be forever barred and may not be asserted in any manner.

## B. Objections, Complaints and Settlements

The Liquidating Trustee shall have the exclusive right to file, litigate and resolve Causes of Action and objections to Claims and Interests other than Administrative Claims. All rights and standing to initiate, prosecute, or dismiss any Cause of Action or to file and prosecute objections to Claims and Interests shall be transferred to the Liquidating Trust and the Liquidating Trustee. The Liquidating Trustee shall have the exclusive right to settle an objection or Cause of Action for which recovery is sought for $100,000 or less. Settlements for which recovery is sought in an amount in excess of $100,000 must be presented to the Court for approval.

All Claims Objections must be filed no later than 180 days after the Effective Date or such other time as may be extended upon Order of the Bankruptcy Court. All Causes of Action must be commenced within one year (1) after the Effective Date or such other time as may be extended upon Order of the Bankruptcy Court.

## C. Plan Distributions and Disbursing Agent

Distributions to Creditors and Interest Holders will be made in accordance with the Plan and the Liquidating Trust Agreement. No Distributions will be made to any claimant unless that Claimant has an Allowed Claim or Allowed Interest. No interest shall accrue or be paid unless specifically provided in the Plan. The Liquidating Trustee will serve as the disbursing agent for all Allowed Claims and Allowed Interests. Any Distributions shall be made in the prudent and sole discretion of the Liquidating Trustee as Liquidating Assets are liquidated all in accordance with the Liquidating Trust Agreement.

## D. Amendment of Claims

After the Effective Date, a Claim may be amended to decrease, but not to increase, the amount thereof.

**E.    Full and Final Satisfaction**

All final Distributions under the Plan shall be in full and final satisfaction, settlement, release, and discharge of all Claims and Interests.

## ARTICLE VIII

## RETENTION OF JURISDICTION

On and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction, to the fullest extent permissible under law, over all matters arising out of and related to the Chapter 11 Case for, among other things, the following purposes:

(a)    To hear and determine all matters with respect to the assumption or rejection of executory contracts or unexpired leases and the allowance of Claims resulting therefrom;

(b)    To hear and determine any motion, adversary proceeding, application, contested matter or other litigated matter pending on or commenced after the Confirmation Date;

(c)    To hear and determine all matters with respect to the allowance, disallowance, liquidation, classification, priority or estimation of any Claim;

(d)    To ensure that Distributions to holders of Allowed Claims and Interests are accomplished as provided in the Plan;

(e)    To hear and determine all applications for compensation and reimbursement of professional claims;

(f)    To hear and determine any application to modify the Plan in accordance with Section 1127 of the Bankruptcy Code, to remedy any defect or omission or reconcile any inconsistency in the Plan, the Disclosure Statement or any order of the Bankruptcy Court, including the Confirmation Order, in such a manner as may be necessary to carry out the purposes and effects thereof;

(g)    To hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan, the Confirmation Order,

any transactions or payments contemplated by the Plan or any agreement, instrument or other document governing or relating to any of the foregoing;

(h) To issue injunctions, enter and implement other orders and take such other actions as may be necessary or appropriate to restrain interference by any person with the consummation, implementation or enforcement of the Plan, the Confirmation Order or any other order of the Bankruptcy Court;

(i) To issue orders as may be necessary to construe, enforce, implement, execute, and consummate the Plan;

(j) To enter, implement or enforce orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified or vacated;

(k) To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including the expedited determination of tax under section 505(b) of the Bankruptcy Code);

(l) To hear and determine any other matters related to the Plan and not inconsistent with the Bankruptcy Code;

(m) To determine any other matters that may arise in connection with or are related to the Plan, the Disclosure Statement, the Confirmation Order, any of the Plan documents or any other contract, instrument, release or other agreement or document related to the Plan and the Disclosure Statement;

(n) To hear matters to recover all Property of the Debtors' Estates, wherever located including without limitation all entities or assets improperly transferred or sold;

(o) To hear and determine any rights, Claims or Causes of Action held by or accruing to the Liquidating Trust pursuant to the Plan, Bankruptcy Code or pursuant to any federal or state statute or legal theory;

(p) To enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Debtors' Chapter 11 Case with respect to any Person;

**First Amended Plan of Liquidation** pg. 23

(q)     To hear and determine any disputes arising in connection with the interpretation, implementation or enforcement of any post-petition agreements;

(r)     To hear any other matter not inconsistent with the Bankruptcy Code; and

(s)     To enter a final decree closing the Chapter 11 Case.

The Liquidating Trust and the Liquidating Trustee shall be deemed to have and be vested with the full authority and standing to continue, institute, prosecute, and defend such objections, matters, claims, actions, or Causes of Action which may or could have been commenced prior to the Effective Date or identified or brought subsequent thereto.

**The Liquidating Trust and the Liquidating Trustee shall be deemed to have and be vested with the full authority and standing to continue, institute, prosecute, and defend such objections, matters, claims, actions, or Causes of Action which may or could have been commenced prior to the Effective Date or identified or brought subsequent thereto.**

## ARTICLE IX

## EFFECT OF CONFIRMATION

### A.     Vesting of Assets

Upon the Effective Date, pursuant to Sections 1141(b) and (c) of the Bankruptcy Code, the Liquidating Trust Assets shall vest in the Liquidating Trust, free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as otherwise expressly provided in the Plan.

### B.     Preservation and Pursuit of Causes of Action

All Causes of Action shall vest in the Liquidating Trust and are specifically preserved. In accordance with section 1123(b) of the Bankruptcy Code, the Liquidating Trustee shall retain and may enforce all of the Debtors' rights to commence and pursue any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Disclosure Statement or any Plan Supplement, and the Liquidating Trustee's rights to

commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date, other than the Causes of Action released by the Debtors pursuant to the releases and exculpations contained in the Plan, which shall be deemed released and waived by the Debtors and Liquidating Trustee as of the Effective Date.The Liquidating Trust through its Liquidating Trustee shall have standing to bring and maintain any and all Causes of Action and to hire other professionals for same as deemed necessary and appropriate. At the present time, the potential defendants have been identified on **Exhibit F** to the Disclosure Statement and incorporated herein. **THIS LIST IS NOT MEANT TO BE EXCLUSIVE AND ADDITIONAL POTENTIAL DEFENDANTS MAY BE ADDED AS DISCOVERY BY THE LIQUIDATING TRUSTEE ENSUES.**

Causes of Action against the (1) Debtors' Affiliates, Insiders, and Interest Holders; (2) current and past officers, directors, members, shareholders, accountants, attorneys, advisors, lenders, employees, agents, and consultants of the Debtors, their Affiliates, Insiders and Interest Holders; and (3) other parties identified in discovery by the Liquidating Trustee <u>shall include but are not limited to</u> actions for breach of fiduciary duty, actual fraud, constructive fraud, misrepresentation, conversion, gross mismanagement, self-dealing, breaches and violations related to corporate governance and securities laws, negligence, gross negligence, willful and malicious injury, aiding and abetting, breach of contract, breach of covenant of good faith and fair dealing, alter ego and the Avoidance Actions. Such Causes of Action are specifically preserved.

Avoidance Actions against the potential defendants described in the previous paragraph, Creditors, and other unrelated third parties who received within 10 years of the Petition Date a transfer (as defined in Section 101(54) of the Bankruptcy Code) that may be avoidable under Sections 544, 547, 548, 549, 550 and 553 are specifically preserved.

Investigations of the Causes of Action are ongoing.  Accordingly, **NO PERSON MAY RELY ON THE FACT THAT THE PLAN AND DISCLOSURE STATEMENT DO NOT IDENTIFY A PARTICULAR PERSON OR CAUSE OF ACTION.**

Nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or relinquishment of any rights or Causes of Action that the Liquidating Trust may have or choose to assert under any provision of the Bankruptcy Code or any applicable non-bankruptcy law.

The potential Causes of Action described in this Section and Section XIII of the Disclosure Statement (incorporated herein by reference) are specifically preserved; however, they are not exclusive.  Further, such descriptions are not intended to be a demand on any of the potential defendants in such Causes of Action and are not an indication of whether a meritorious Cause of Action exists.  The descriptions are also not intended to limit claims or Causes of Action which may be asserted against any potential defendant.

The Committee expressly, specifically and unequivocally reserves all rights in all Causes of Action.  Any potential defendant who is also a Creditor in this Case Should assume that a Cause of Action may be pursued against them by the Liquidating Trustee.  Unless any Cause of Action is waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order of the Bankruptcy Court, the Committee expressly reserve all Causes of Action, for later adjudication, and, therefore no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of the confirmation or consummation of the Plan.

Readers are directed to Section XIII of the Disclosure Statement for a detailed discussion of the potential Causes of Action the Committee has discovered to date. The Committee believes the facts described give rise to actions for breach of fiduciary duty, actual fraud, constructive fraud, misrepresentation, conversion, gross

**First Amended Plan of Liquidation**                                                   pg. 26

mismanagement, self-dealing, breaches and violations related to corporate governance and securities laws, negligence, gross negligence, willful and malicious injury, aiding and abetting, breach of contract, breach of covenant of good faith and fair dealing, alter ego and the Avoidance Actions against the various potential defendants discovered to date and named therein and those parties who may have been acting in concert with them or are subject to liability based on similar conduct. All such Causes of Action are unequivocally and specifically preserved for the Liquidating Trust and Liquidating Trustee to pursue.

### C.    Pending Litigation

The Committee also reserves any and all claims, defenses or counterclaims that have been asserted in any lawsuit pending as of the Confirmation Hearing, including any lawsuits or proceedings in which any of the Debtors assert affirmative claims against any Creditor or other third party, with all such claims, defenses or counterclaims assigned to the Liquidating Trustee.

### D.    Binding Effect

The rights, benefits and obligations of any Person named or referred to in this Plan will be binding upon, and will inure to the benefit of, the heir, executor, administrator, successor or assign of such Person.

### E.    Exculpation

Effective as of the Effective Date, to the fullest extent permissible under applicable law, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur liability for any action or claim based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the prepetition credit agreement and debtor in possession financing orders, the Chapter

11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable, the Plan, the Disclosure Statement, the Liquidating Trust Agreement, asset purchase agreements, the pursuit of Consummation, the administration and implementation of the sale of assets and of the Plan, or the distribution of property under the Plan or any related agreement, or upon any other related act, or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## F. Discharge and Injunction

Except as otherwise specifically provided in the Plan or in the Confirmation Order, the rights afforded in the Plan and the payments and Distributions to be made under the Plan shall discharge all existing debts and Claims, and shall terminate all interests of any kind, nature, or description whatsoever against the Debtors or the Liquidating Trust or any of their assets or properties to the fullest extent permitted by Section 1141 of the Bankruptcy Code. Except as otherwise specifically provided in

the Plan or in the Confirmation Order, upon the Effective Date, all existing Claims against the Debtors shall be precluded and enjoined from asserting against the Debtors, the Liquidating Trust, the Liquidating Trustee, their respective successors or assignees, or any of their assets or properties, any other or further Claim or Interest based on any act or omission, transaction, or other activity of any kind or nature that occurred before the Effective Date, whether or not the holder has filed a Proof of Claim and whether or not the facts or legal bases therefor were known or existed before the Effective Date.

On the Effective Date and in consideration of the Distributions to be made under the Plan, and except as otherwise provided in the Plan, each holder (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest and any Affiliate of the Holder shall be deemed to have forever waived, released, and discharged the Debtors and the Liquidating Trust, to the fullest extent permitted by Section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights, and liabilities that arose before the Effective Date.  Upon the Effective Date, all those Persons shall be forever precluded and enjoined, pursuant to Section 524 of the Bankruptcy Code, from prosecuting or asserting any discharged Claim against or in the Debtors or the Liquidating Trust.

Except as otherwise expressly provided in the Plan, all persons or entities who have held, hold, or may hold Claims or Interests and all other parties in interest, along with their respective present or former employees, agents, officers, directors, managers, members, principals, representatives, and Affiliates, are permanently enjoined, from and after the Effective Date, from: (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtors, the Liquidating Trust or Trustee or Property of the Debtors; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against the Debtors, the Liquidating Trust and the

**First Amended Plan of Liquidation**                                                     pg. 29

Liquidating Trustee, or against the Property or interests in Property of the Debtors; or (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtors, the Liquidating Trust, and the Liquidating Trustee, or against the Property or interests in Property of the Debtors, with respect to any such Claim or Interest. This injunction shall extend to any successors or assignees of the Debtors, the Liquidating Trust, and the Liquidating Trustee, and their respective Properties and interests in Properties.

### G. Dissolution of Committee

On the Effective Date, (a) the Committee shall dissolve and its members shall be released of their respective duties, responsibilities and obligations in connection with the Chapter 11 Case or the Plan; and (b) the retention or employment of the Committee's respective professionals and agents shall be terminated, other than with respect to filing and prosecution of the Committee's and Caliber's final fee applications.

### H. Setoff and Recoupment

The Liquidating Trustee may, but shall not be required to, set off or recoup against any Claim and any distribution to be made on account of that Claim, any and all claims, rights, and Causes of Action of any nature that the Liquidating Trust may have against the holder of that Claim pursuant to the Bankruptcy Code or applicable non-bankruptcy law; provided, however, that neither the failure to effect a set off or recoupment nor the allowance of any Claim under the Plan shall constitute a waiver, abandonment, or release by the Liquidating Trustee of any of those claims, rights, and Causes of Action that the Trust may have against the Holder of the Claim. To the extent the Liquidating Trustee fails to setoff or recoup against a Holder and seek to collect a claim from that Holder after a Distribution to the holder pursuant to the Plan, the Liquidating Trustee shall be entitled to full recovery on its claim against that holder of a Claim.

# ARTICLE X

## MISCELLANEOUS PROVISIONS

### A. Binding Effect of Plan

The provisions of this Plan shall bind the Debtor, Creditors, and any Interest Holders, and shall bind any Person asserting a Claim against the Debtors or an Interest in the Debtors, whether or not the Claim or Interest arose before or after the Petition Date or the Effective Date, whether or not the Claim or Interest is impaired, and whether or not the Person has accepted the Plan.

### B. Appeals

In the event of an appeal of the Confirmation Order or any other kind of review or challenge to the Confirmation Order, and provided that no stay of the effectiveness of the Confirmation Order has been entered, the Bankruptcy Court will retain jurisdiction to implement and enforce the Confirmation Order and the Plan according to their terms, including, but not limited to, jurisdiction to enter such orders regarding the Plan or the performance thereof to implement the Plan. During the pendency of an appeal, any applicable statute of limitations for any Cause of Action shall be tolled.

### C. Modification and Amendment of Exhibits, Schedules, and Appendices

The Committee may modify or amend the terms of any document or agreement that is an Exhibit, schedule or appendix to the Plan without the need for re-solicitation of votes with respect to the Plan; provided, however, that the modification or amendment does not materially adversely affect the rights of any Person provided in the Plan.

### D. Headings

The headings of the Articles, Sections and Subsections of the Plan are inserted for convenience only and shall not limit the interpretation of the Plan.

### E. Amendment and Modification of the Plan

The Committee may propose amendments to or modifications of the Plan at any time prior to confirmation of the Plan without the leave of the Bankruptcy Court or as permitted by the Bankruptcy Code or Bankruptcy Rules. After confirmation of the Plan, the Liquidating Trustee may seek to amend or modify the Plan with the approval of the Bankruptcy Court, so long as it does not materially or adversely affect the interests of Creditors or other parties in interest as set forth herein, to remedy any defect or omission or to reconcile any inconsistencies in the Plan or in the Confirmation Order, in a manner as may be necessary to carry out the purposes and intent of the Plan.

### F. Effect of Confirmation Order

The Confirmation Order will include a provision that the Confirmation Order shall be immediately effective and enforceable upon its entry and shall not be subject to any stay under Bankruptcy Rule 3020(e) or otherwise.

### G. Quarterly Fees

The quarterly fees required by 28 U.S.C. § 1930(a)(6) will be paid by the Liquidating Trust. The Liquidating Trustee will file all necessary reports until application is made for entry of a final decree. Application for a final decree can be made by the Liquidating Trustee when the Plan has been fully administered, which for purposes of the Plan shall mean when the Plan has been substantially consummated, as that term is defined in Section 1101(2) of the Bankruptcy Code

### H. Notices

Any notice required or permitted to be provided under the Plan will be in writing and served by regular postage-prepaid, first-class mail, hand-delivery, facsimile, or email.

### I. Conflicts between Plan and Confirmation Order

In the event the terms of the Plan and the Confirmation Order conflict, the terms of the Confirmation Order shall govern.

**First Amended Plan of Liquidation**               pg. 32

## J.    Withdrawal of Plan

The Plan may be withdrawn prior to the entry of the Confirmation Order at the sole discretion of the Committee.

## K.    Substantial Consummation

On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

DATED this 30th day of October, 2021

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
By:   /s/ Tim Chung
    Committee Chair

Respectively submitted:    /s/ Carolyn J. Johnsen
Carolyn J. Johnsen
Texas Bar No. 1984460
DICKINSON WRIGHT PLLC
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Telephone:  (602) 285-5040
Facsimile: (844) 670-6009
cjjohnsen@dickinsonwright.com
Attorneys for the Committee

4873-6846-4385 v1 [97257-1]

**First Amended Plan of Liquidation**    pg. 33